IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BILLY FITZGERALD JACKSON | § | |
| v. | § | CIVIL ACTION NO. 6:09cv338 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Billy Jackson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Jackson complains of a conviction which he received for evading arrest, for which he received a sentence of 20 years in prison. The Respondent was ordered to answer the petition and filed a motion to dismiss saying that the statute of limitations had expired and that Jackson's claims were unexhausted.

The Respondent argued that because Jackson waived his appeal, his conviction became final on the day that it was rendered, not when the time to appeal had expired. When counted this way, the Respondent says, Jackson's limitations period had expired before his filing of the present petition.

With regard to the exhaustion issue, the Respondent accurately said that Jackson did not raise any of the issues in his original state habeas petition; however, a review of the record showed that two of the three issues in his federal petition were raised in Jackson's supplemental state habeas petition, which is attached to the back of his original petition in the state court records.

1

After a review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be denied. The Magistrate Judge noted that the Respondent pointed to no Fifth Circuit or district court cases which commenced the limitations period at the time of conviction when the right to appeal was waived, and that other district courts had rejected this argument. The Magistrate Judge also said that the claims raised in Jackson's supplemental state habeas petition had been presented to the Court of Criminal Appeals and thus were exhausted.

The Respondent filed objections to the Magistrate Judge's Report on May 14, 2010. These objections state first that the Report does not distinguish between a "waiver of appeal" and "the use of a waiver as bargained for consideration in a plea agreement." The Respondent argues that Jackson explicitly waived his right to appeal as part of the plea agreement, and so the time for seeking direct review expired at the time that he was sentenced. The Respondent contends that a waiver of the right to direct review, resulting in the failure to file an appeal, means that there can be no "conclusion of direct review," so the conviction becomes final at the expiration of the time for seeking such review, which the Respondent says occurred at the time of conviction.

The Respondent cites three district court cases from the Southern District of Texas, two of which rely on Glaze v. State, 675 S.W.2d 768, 769 (Tex.Crim.App. 1984), and the third of which relies on Blanco v. State, 18 S.W.3d 218, 220 (Tex.Crim.App. 2000). In Glaze, the trial court lacked jurisdiction over the appeal because the trial court never reimposed sentence after overruling the motion for a new trial. In Blanco, an agreement was reached in which the appellant promised not to appeal his conviction in exchange for the prosecution's promise to recommend a 16-year sentence. The prosecution kept its side of the agreement and recommended a 16-year sentence, which was imposed; however, the appellant reneged on the deal by appealing the conviction. The Court of Appeals dismissed the appeal, and the Court of Criminal Appeals affirmed, holding that the appellant should be bound by his promise.

Neither of these cases stands for the proposition that where an appeal is waived, the conviction becomes final when the sentence is rendered, not when the time to appeal has run.

Furthermore, in Williams v. Director. civil action no.'s 1:08cv522 and 1:08cv523, 2009 WL 2176309 (E.D.Tex., July 21, 2009), this Court noted that "although petitioner waived his right to appeal most matters, he could have appealed pre-trial rulings or other matters with the trial court's permission. Tex. R. App. P. 25.2." Similarly, even though Jackson waived his appeal in this case, the Respondent fails to show that he could not have appealed pre-trial matters or other matters with the permission of the trial court. *See, e.g.*, Leon v. State, 25 S.W.3d 841, 843 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (right to challenge voluntariness of plea on appeal not waived by guilty plea, plea bargain, or waiver of appeal); Young v. State, 850 S.W.3d 768, 770 (Tex.App.-El Paso 1993, no pet.) (after a plea bargain, in order to raise non-jurisdictional errors on appeal, the appellant must show that the trial court granted permission on appeal or that he raised the issue by written motion prior to entry of the plea). Because Jackson did retain a right to appeal certain matters under Texas law, or at least to seek the permission of the trial court to appeal certain matters, his federal limitations period began to run when the time in which he could have done so expired, not at the time that his conviction was rendered. The Respondent's objection on this point is without merit.

Second, the Respondent argues that the two claims which the Magistrate Judge determined were exhausted had not been properly presented to the state court. The Respondent says that Jackson's claims were not included in his original state habeas petition but only in the supplemental petition. The original petition was filed on July 28, 2008, and the State filed answers on August 27 and September 24, 2008. The state record was forwarded to the Court of Criminal Appeals on October 17, 2008, and Jackson filed his supplemental petition on November 26, 2008. The on-line docket of the Texas Court of Criminal Appeals shows no indication that this supplemental petition was rejected or that leave to file was denied. *See* http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=263208. *Compare* Martinez v. Dretke, 173 Fed.Appx. 347, 2006 WL 845504 (5th Cir., March 31, 2006) (claims presented for the first time in a late supplement to the first state habeas application, which supplement the Court of Criminal Appeals found to be procedurally barred and dismissed as a subsequent writ, were procedurally barred in federal court).

Similarly, in Canady v. Cockrell, slip op. no. 00-20910, 2001 WL 34772854 (5th Cir., December 27, 2001), the Fifth Circuit certified a question to the Texas Court of Criminal Appeals of whether the Court of Criminal Appeals could consider a new argument raised in a supplemental brief not considered by the trial court, and if so, whether the speedy trial argument of the petitioner had been considered before the state court's denial of habeas relief. In answering the certified question, the Court of Criminal Appeals said that the claim had been considered in the state habeas application. While there obviously is no certified question or answer in the present case, the answer in Canady indicates that an argument raised in a supplemental brief not considered by the trial court can be considered by the Court of Criminal Appeals in the denial of habeas relief.

Nothing in the record indicates that the Court of Criminal Appeals denied Jackson permission to file a supplemental petition, that this supplemental petition was denied as successive, or that the Court of Criminal Appeals otherwise did not consider the claims therein raised. The Respondent appears to argue that whenever claims are presented in a supplemental petition after the trial court's recommendation, those claims are not exhausted, but the decision in Canady casts doubt upon this assertion. In the absence of any record evidence showing that Jackson's supplemental petition was rejected, as in Martinez, the Court has concluded that Jackson adequately exhausted his state court remedies on the two claims identified by the Magistrate Judge, which are that he received ineffective assistance of counsel when his attorney failed to object to the addition of a deadly weapon finding, and that the State reneged on the plea agreement by adding this modification. The Respondent's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Respondent's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Respondent's objections are without merit. It is accordingly

ORDERED that the Respondent's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Respondent's motion to dismiss (docket no. 13) be and hereby is GRANTED insofar as it seeks dismissal of the Petitioner Billy Jackson's claim that counsel was ineffective for failing to investigate his mental state. It is further

ORDERED that the Respondent's motion to dismiss is DENIED insofar as it seeks dismissal of the petition based upon the statute of limitations, and insofar as it seeks dismissal for failure to exhaust of the claims that he received ineffective assistance of counsel with respect to the deadly weapon finding and that the State reneged on the plea agreement by adding this finding without his knowledge. Finally, it is

ORDERED that the State shall have 40 days from the date of receipt of this order in which to answer or otherwise plead to the claims remaining in this application.

**SIGNED this 28th day of May, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE