IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

BILLY FITZGERALD JACKSON            §

v.                                  §      CIVIL ACTION NO. 6:09cv338

DIRECTOR, TDCJ-CID                  §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Billy Jackson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Jackson was convicted of evading arrest, receiving a sentence of 20 years in prison. He pleaded guilty and did not take a direct appeal, but sought state habeas corpus relief, without success. In his federal habeas corpus petition, Jackson asserted that counsel failed to investigate his mental state, counsel led him to believe that the sentence would not be aggravated but then failed to object when the State added a deadly weapon finding, and he agreed in a plea bargain to a 20-year non-aggravated sentence, but the State reneged on the agreement by adding the deadly weapon finding, which caused the sentence to be aggravated.

The Magistrate Judge ordered the Respondent to answer the petition, and the Respondent initially filed a motion to dismiss contending that the statute of limitations had expired and that Jackson's claims were unexhausted and thus procedurally defaulted. This motion was granted as to

the claim of failure to investigate Jackson's mental state but denied as to the other two claims, and the Respondent answered these claims on the merits. Jackson did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that Jackson offered nothing beyond his own bald assertions to show that a plea bargain agreement had been made which involved a non-aggravated sentence, or that any promises at all had been made to this effect. Furthermore, the Magistrate Judge stated that Jackson had offered nothing to show that but for counsel's allegedly ineffective assistance, he would not have pleaded guilty, but would have insisted on going to trial; in fact, the record shows that counsel negotiated a very favorable plea agreement for Jackson, given that as originally indicted, he faced a sentencing range of 25 years to life in prison, as well as the possibility of consecutive sentences on three other felony charges which he was facing. Thus, the Magistrate Judge concluded that Jackson's claims of ineffective assistance and of an unkept plea bargain were without merit.

Jackson filed objections to the Magistrate Judge's Report on October 7, 2010. In his objections, Jackson says first that the indictment alleged that he had used an automobile as a "deadly weapon," but that the Texas Penal Code does not list an automobile as a deadly weapon, and so it "not altogether unreasonable or unbelievable that Jackson's counsel may have told him that his sentence would not be aggravated." He says that the state court record is "devoid of any explicit or implicit adjudication of the merits" of this claim, and so there is nothing to which the federal courts must defer.

This contention is incorrect. While Jackson says that it is not unreasonable to believe that his counsel might have told him that his sentence would not be aggravated, he overlooks the fact that he has the burden of proof in a habeas proceeding. As the Magistrate Judge correctly noted, in order to prove the existence of the plea bargain, the petitioner must prove: (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise. Hayes v. Maggio, 699 F.2d 198, 203 (5th Cir.

1983).  In addition, as the Magistrate Judge explained, the same standards apply for claims of unkept promises made by defense counsel.  Bond v. Dretke, 384 F.3d 166, 167-68 (5th Cir. 2004).  A petitioner who relies on such an unfulfilled promise may not rely on conclusory allegations or even his own unsupported testimony.  Smith v. Blackburn, 785 F.2d 545, 548 (5th Cir. 1986).  Here, Jackson offered nothing but his own conclusory allegations, which the Magistrate Judge properly determined were insufficient.

Jackson's assertion that the state habeas proceeding is not entitled to deference is also incorrect.  The state court rejected Jackson's claims, and so to be entitled to federal habeas corpus relief, he must show that this decision was contrary to or involved an unreasonable application of clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. §2254(d); Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2000).  Jackson has wholly failed to make such a showing.

In his second objection, Jackson complains that the state court failed to develop the factual basis of his claim.  He asserts that when he signed the plea paper, it did not contain a deadly weapon notation, but that this notation was added later.  He states that he requested an evidentiary hearing on this issue in state court, but the request was denied, and so he should be entitled to one in federal court.

The Fifth Circuit has stated that bald assertions on a critical issue in a habeas petition, unsupported and unsupportable by anything else contained in the record, are insufficient to warrant an evidentiary hearing.  Johnson v. Scott, 68 F.3d 106, 112 (5th Cir. 1995), *citing* Byrne v. Butler, 845 F.2d 501, 513-14 (5th Cir.), *cert. denied* 487 U.S. 1242 (1988); *see also* Hughes v. Johnson, 191 F.3d 607, 629 (5th Cir. 1999); Harris v. Johnson, 81 F.3d 535, 540 (1996) (conclusory allegations will not warrant an evidentiary hearing because the rules governing federal habeas petitions do not authorize "fishing expeditions").  Jackson has offered nothing beyond conclusory allegations, which are insufficient to warrant an evidentiary hearing regardless of what happened in state court.  Harris, 81 F.3d at 540.  Jackson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Billy Jackson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 15th day of October, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE